UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-133-RJC-DCK

| | | |
|---|---|---|
| TIFFANY CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TONY SACCO'S COAL OVEN PIZZA, | ) | |
| LAURA WIENER, and JOHN WIENER, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review under 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, the Court finds that Plaintiff's action survives initial review as to her former employer Tony Sacco's Coal Oven Pizza ("Tony Sacco's"), but Defendants Laura Wiener and John Wiener shall be dismissed from this action.

**I.      BACKGROUND**

Pro se Plaintiff Tiffany Caldwell filed this race discrimination and retaliation action on March 27, 2014, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff's action arises out of the termination of her employment from her position as a Server at Tony Sacco's on March 24, 2013.[1] Plaintiff names as Defendants her former employer Tony Sacco's, as well as owners Laurie Wiener and John Wiener. Plaintiff alleges that she was fired

---

[1] Plaintiff also put an "x" next to the word "age" in a section of the form Complaint that requested the grounds for the discrimination, (Doc. No. 1 at 3), but nowhere in the Complaint does she state that she is suing under the Age Discrimination in Employment Act. She also does not indicate her age anywhere in the Complaint. Furthermore, her EEOC Notice of Charge does not allege age discrimination. Because the EEOC Notice of Charge limits the scope of this lawsuit, Plaintiff is limited to proceeding under Title VII.

because of her race (black) and for complaining about discrimination. More specifically, Plaintiff alleges that other servers at the restaurant who were white were similarly tardy to work, but only Plaintiff was reprimanded for being late. Plaintiff alleges that when she complained about being discriminated against because of her race, she was then fired from her job.[2]

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Title VII prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such

---

[2] The allegations in the Complaint regarding the circumstances of Plaintiff's firing are vague. In the EEOC Notice of Charge, Plaintiff alleged that Tony Sacco's hired her on March 13, 2013, to work as a Server. She alleged that she was fired on March 24, 2013. Plaintiff alleged that on the day she was fired, owner Laurie Wiener "told me I was discharged because it was not working out and because I had complained of discrimination. On March 23, 2013, I arrived to work approximately 20 minutes late and was sent home by Laurie. On at least three other occasions other non-Black Servers have arrived late to work and were not sent home. On March 24, 2013, I spoke to John Wiener, Owner, about why I was sent home and no one else was. It was after this conversation with John that I was discharged by Laurie." (Doc. No. 6 at 1).

individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's allegations of race discrimination and retaliation are sufficient to survive initial review as to Plaintiff's former employer Defendant Tony Sacco's. However, it is well established that individual employees, including supervisors, cannot be held liable for Title VII claims. <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 180 (4th Cir. 1998). Thus, Plaintiff has not stated a cognizable claim against the individuals named as Defendants, and the Complaint must be dismissed as to them.

## IV. CONCLUSION

Plaintiff's Complaint survives initial review as to Defendant Tony Sacco's, but this action is dismissed as to Defendants Laura Wiener and John Wiener.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under Section 1915(e)(2)(B) as to Defendant Tony Sacco's Coal Oven Pizza, but the action is dismissed as to Defendants Laura Wiener and John Wiener.

2. The Clerk is respectfully instructed to direct the U.S. Marshal to attempt to serve summons on Defendant Tony Sacco's Coal Oven Pizza at the address provided on the summons form attached to Plaintiff's Complaint.

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge