**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-133-RJC-DCK**

| | | |
|---|---|---|
| TIFFANY CALDWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| TONY SACCO'S COAL OVEN PIZZA, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court sua sponte. Pro Se Plaintiff Tiffany Caldwell ("Plaintiff") filed her Complaint on March 27, 2014, along with a Motion to Proceed In Forma Pauperis ("IFP"). (Doc. Nos. 1, 2). The Court granted Plaintiff IFP status on May 16, 2014. (Doc. No. 4). After initial review under 28 U.S.C. § 1915(e)(2)(B), the individual Defendants Laura Wiener and John Wiener were dismissed from the suit because individual employees, including supervisors, cannot be held liable for Title VII claims. (Doc. No. 7). A summons was issued by the Clerk of the Court on February 3, 2016, for service of the Complaint on Defendant Tony Sacco's Coal Oven Pizza by the United States Marshal. (Doc. No. 8). However, the summons was returned unexecuted on February 19, 2016. (Doc. No. 9).

> Federal Rule of Civil Procedure 4(m) provides as follows:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Although a plaintiff proceeding IFP is entitled to service by the United States Marshal and is

entitled to rely upon the Marshal to effect service, the plaintiff must provide sufficient information

to effect service.  <u>Danik v. Hous. Auth. of Baltimore City</u>, 396 F. App'x 15, 16 (4th Cir. 2010). Failure to provide such information so that the Marshal can effect sufficient service can result in a dismissal of the action.  <u>See id.</u>  Pursuant to Rule 4(m), Plaintiff has until Tuesday, May 3, 2016, to serve her Complaint on Defendant and to provide this Court with proof of service.  Plaintiff is hereby notified and warned that if she does not perfect service of her Complaint on Defendant by **May 3, 2016**, her case will be **dismissed** without prejudice and without further notice.  If Plaintiff wishes to rely again upon the United States Marshal to effect service, she must submit a revised summons to the Clerk of Court.  Failure to do so, or failure to submit the revised summons in a timely manner so as to provide the Marshal with sufficient time to effect service before May 3, 2016, will result in this case being **dismissed** without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall perfect service of her Complaint on Defendant and provide this Court with proof of service by **May 3, 2016**.  **FAILURE TO SERVE DEFENDANT AND PROVIDE THE COURT WITH PROOF OF SERVICE BY THAT TIME WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT WITHOUT FURTHER NOTICE.**

2. If Plaintiff wishes to rely again upon the United States Marshal to effect service, she must submit a revised summons to the Clerk of Court in a timely manner so as to provide the Marshal with sufficient time to effect service before May 3, 2016. **FAILURE TO DO SO WILL RESULT IN THIS CASE BEING DISMISSED WITHOUT PREJUDICE AND WITHOUT FURTHER NOTICE.**

Signed: March 16, 2016

Robert J. Conrad, Jr.
United States District Judge